UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID DOE, ET AL

V

LARRY R. MEACHUM, ET AL

CIVILE NO. H88-562 (PCD)(JGM)

APRIL 18, 2006

## NOTICE OF INTENTION TO INITIATE FURTHER PROCEEDINGS

Pursuant to the provision of the Doe v Meachum consent decree, Section XXIII., paragraph #137, the plaitniff, Eugene P. Mercer, gives the defendant thirty days notice of his intention to initiate further proceedings seeking to have the defendant comply with what plaintiff perceives to be changed accepted professional standards concerning the diagnosis and treatment of erectile dysfunction resultant from HIV-infection, HIV-Vacuolar Myelopathy, and/or HIV-Peripheral Neuropathy. The plaintiff believes that the defendants' failure to adpt such changes constitutes a violation of the plaintiff's constitutional rights.

Respectfully submitted,

Eugene P. Mercer
100 Bilton Road
Somers, Connecticut 06107

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via U.S. Mail to: Richard Couture, Assistant Attorney General, 110 Sherman Street, Hartford, Connecticut 06105, and John L. Pottenger, Attorney, Brett Dignam, Attorney, 127 Wall Street, New Haven, Connecticut 06520, on this 18th day of April, 2006.

                                                    _____
                                                    EUGENE P. MERCER

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| IN RE CONNECTICUT PRISON OVERCROWDING AND AIDS CASES | MASTER FILE NO. H80-506 (JAC) |
| DAVID DOE, et al., Plaintiffs | |
| v. | CIVIL NO. H88-562 (PCD) (JGM) |
| LARRY R. MEACHUM, et al., Defendants | NOVEMBER 2, 1990 |

CONSENT JUDGMENT ON
HEALTH CARE FOR HIV-INFECTED INMATES AND
CONFIDENTIALITY OF HIV-RELATED INFORMATION

Attachment A

FILED

Oct 21  3 54 PM '88

U.S. ...
NEW ...

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

------------------------------x
                              :
DAVID DOE, ET AL.             :   CIVIL NO. H-88-562 (PCD)
                              :
v.                            :
                              :
LARRY R. MEACHUM, ET AL.      :   DATE: OCTOBER 27, 1988
                              :
------------------------------x

RULING ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

On August 15, 1988, plaintiffs filed their thirty-five page complaint, challenging various practices of defendants with respect to the handling of inmates with Acquired Immune Deficiency Syndrome ("AIDS"), AIDS-Related Complex, or other Human Immunodeficiency Virus (collectively referred to as "AIDS"). That same day, Judge Cabranes granted plaintiffs' motion to prosecute this suit in fictitious names.

On October 11, 1988, plaintiffs filed a motion for protective order, brief in support, and proposed order, which seeks to place strict parameters on defendants' ability to disclose the identities of the

named plaintiffs and putative class members. On October 21, 1988, defendants filed their brief in opposition, which argues that the proposed order would gravely jeopardize the security of the state correctional system and would infringe upon defendants' ability to defend this lawsuit. Plaintiffs' reply brief was filed on October 25, 1988.[1] Oral argument was held on October 27, 1988. For the reasons stated herein, plaintiffs' motion is granted in part.

While several decisions have upheld the right of prison officials to identify and isolate suspected AIDS carriers, e.g., Baez v. Rapping, 680 F. Supp. 112, 115 (S.D.N.Y. 1988); Judd v. Packard, 669 F. Supp. 741, 743 (D. Md. 1987); Cordero v. Coughlin, 607 F. Supp. 9, 10 (S.D.N.Y. 1984), at least one court has recognized that an inmate infected with AIDS has a constitutional right to privacy in his medical records. Woods v. White, 689 F. Supp. 874, 876 (W.D. Wis. 1988). This Court need not resolve whether an inmate's privacy rights here rise to the level of a constitutional one, for defendants do not object to the imposition of a protective order per se, but rather to the restrictive nature of the one proposed by plaintiffs.

The court agrees that the proposed order is more restrictive than is necessary, even taking into account the significant interests of the plaintiffs in keeping their illness as confidential as possible. Accordingly, the Magistrate will enter the protective order attached hereto.

See 28 U.S.C. Section 636(b)(written objections to ruling must be filed within ten days after service of same); F. R. Civ. P. 72; Rule 2 of the Local Rules for United States Magistrates, United States District Court for the District of Connecticut.

Dated at New Haven, Connecticut, this 27th day of October, 1988.

_____
Joan Glazer Margolis
United States Magistrate

AO 72A
(Rev. 8/82)

- 3 -

FOOTNOTES
---

[1] The three briefs collectively were seventy-four pages long; oral argument lasted for one hour. The Court hopes that in the future such substantial energy can be used to resolve similar matters in a more amicable fashion.

FILED

Oct 27  3 54 PM '88

U.S. DISTRICT COURT
NEW HAVEN, CONN.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------x
                                   :
DAVID DOE, ET AL.                  :   CIVIL NO. H88-562(PCD)
                                   :
v.                                 :
                                   :
LARRY R. MEACHUM, ET AL.           :   DATE: OCTOBER 27, 1988
                                   :
-----------------------------------x
```

PROTECTIVE ORDER

In order to protect the privacy of inmates involved in this action and to safeguard them from harassment and retaliatory actions, all responses to discovery which include inmate names or personally-identifiable information about inmates shall be treated in the following manner:

1. Inmate names and personally-identifiable information about inmates obtained through discovery shall be disclosed only to defendants' counsel herein, and such information shall not be redisclosed by defendants' counsel except as provided below.

2. Attorneys for the defendants may disclose the identities of inmates involved in this action to the

AO 72A
(Rev. 8/82)

named defendants, but only to the minimum extent necessary to litigate this case.

3. Should attorneys for the defendants have a demonstrated need to disclose the identities of such inmates to persons other than the named defendants, they shall give appropriate notice to plaintiffs' counsel. If, within two (2) business days of such notice, plaintiffs' counsel fails to give approval to such disclosure, defendants' counsel shall file an appropriate application with this Court.

4. Any person to whom disclosure is to be made pursuant to paragraphs 2 and 3 of this Order shall first read this Protective Order, shall be strictly bound by the obligation not to redisclose such inmate names and other personally-identifiable information about inmates to the extent provided herein, and shall sign the form attached hereto acknowledging such responsibility prior to having access to such information.

5. Defendants, and any other person to whom disclosure is made pursuant to the provisions of this Order, shall engage in no retaliatory or disciplinary

actions against inmates whose identities are so disclosed solely on account of such disclosure. Nothing in this protective order shall prohibit disclosure of an inmate's name for exigent penal or law enforcement purposes, such as the investigation or prosecution of criminal activity within the prison or the prevention of a suicide. In the event of disclosure under such exigent circumstances, defendants' counsel shall notify plaintiffs' counsel thereof as expeditiously as possible, following which plaintiffs' counsel may file an appropriate application with this Court.

6. All documents which include inmate names and personally-identifiable information about inmates (including inmate numbers) shall be sealed when filed with the Court. The parties are also to redact inmate names and personally-identifiable information about inmates from all documents filed with the Court and/or used in this litigation.

_/s/ J. G. M._
United States Magistrate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------x
                                    :
DAVID DOE, ET AL.                   : CIVIL NO. H88-562(PCD)
                                    :
v.                                  :
                                    :
LARRY R. MEACHUM, ET AL.            : DATE:
                                    :
------------------------------------x
```

ACKNOWLEDGEMENT OF DUTY NOT TO DISCLOSE

I, _____, am assisting counsel for the defendants in this action.

I have read the Protective Order in this case and I understand that I am barred from divulging to anyone inmate names and any personally-identifiable information about inmates that I have, or will, become aware of as a result of discovery in this case to the extent provided in the Protective Order.

I understand that my responsibility extends to not divulging such identifying information to any member of the public, any Connecticut Department of Correction's employee and any inmate to the extent provided in the Protective Order, and that I may not

AO 72A
(Rev. 8/82)

engage in any actions retaliating against such inmates solely on account of any information which is or may be revealed to me.

    I further understand that I may be subject to contempt of Court if I violate the terms of the Protective Order.

                                                              _____
                                                                SIGNATURE

Signed and sworn before me this     day of , 19  .

                                                             _____
                                                                NOTARY PUBLIC