UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID DOE, ET AL. | : | CIVIL NO. H88-562 (JGM) |
| v. | : | |
| LARRY MEACHUM, ET AL. | : | MAY 16, 2006 |

**DEFENDANTS' RESPONSE TO NOTICE OF CLASS MEMBER OF INTENT TO INITIATE FURTHER PROCEEDINGS**

A class member in the above-captioned case has filed a notice with the Court stating his intent to initiate further proceedings seeking to have the defendants comply with what he perceives to be changed accepted professional standards concerning the diagnosis and treatment of erectile dysfunction resultant from HIV infection (Document 344). The notice is purportedly filed pursuant to paragraph 137 of the Consent Judgment on Health Care for HIV-Infected Inmates and Confidentiality of HIV-Related Information previously approved and adopted in this case.

The consent judgment contains extensive provisions relating to the establishment of an Agreement Monitoring Panel (AMP) for the purpose of monitoring compliance with the consent judgment. Class counsel have been appointed to represent the interests of class members. The consent judgment further contemplates that the AMP will investigate, and the class counsel will pursue, alleged disputes as to compliance that cannot be resolved between the AMP or the parties. There are no provisions in the consent judgment that permit individual class members to file their own pleadings relating to individual treatment decisions. Allowing individual class members to file motions in pursuit of their own individual treatment issues and interests would

render class action litigation unmanageable and effectively circumvent the provisions of the consent judgment relating to class counsel and the AMP.

Erectile dysfunction can be related to a person's HIV condition as well as a number of other causes. It is not a new condition that has surfaced since the signing of the consent judgment in 1990. The defendants did not provide therapy for erectile dysfunction in 1990 and they do not provide such therapy today. The treatment of erectile dysfunction does not by any stretch of the imagination fall within the designation of a "new standard of care for the treatment of HIV infection."

Under Rule 11(a) of the Federal Rules of Civil Procedure, every pleading must be signed by at least one attorney of record. The notice filed by the individual class member does not comply with the Federal Rules or the consent judgment and should be stricken.

The class member in question has previously notified class counsel of his desire to be treated with testosterone gel therapy and the matter was reviewed by the plaintiff's representative to the AMP who agreed that such therapy for the class member is not medically indicated. See correspondence of May 12, 2004 and March 11, 2005 attached hereto as Attachment A. He is now attempting to independently pursue further judicial proceedings regarding his dispute over individual treatment decisions. It is respectfully submitted that neither the Federal Rules nor the consent judgment permit an individual class member to independently initiate proceedings regarding consent decree compliance.

A copy of this Response has not been mailed to the individual class member in view of privacy concerns and the belief that any communication with individual class members should

go through class counsel who can then provide a copy to the individual class member if deemed appropriate.

DEFENDANTS
Larry Meachum, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: ______/s/____________________________

Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05480
E-Mail: richard.couture@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 16th day of May, 2006:

Brett Dignam, Esq.
The Jerome Frank Legal Services Organization
P.O. Box 209090
New Haven, CT 06520-9090

_________/s/___________________________
Richard T. Couture
Assistant Attorney General