UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DAVID DOE, ET AL.                                CIVIL NO. H88-562(JGM)

v

LARRY MEACHUM, ET AL                             AUGUST 11, 2006

### PLAINTIFF'S REQUEST FOR STATUS HEARING AND INITIATION OF JUDICIAL PROCEEDINGS TO ALTER THE PROVISIONS OF THE CONSENT JUDGMENT

Pursuant to section XXIII at paragraph #135 and # 137 of the Consent Judgment on Health Care For HIV-Infected Inmates and Confidentiality of HIV-Related Information, the named plaintiff, Eugene P. Mercer, hereby request a status hearing with a magistrate judge regarding a dispute concerning compliance with the above-mentioned judgment, and further seeks to initiate judicial proceedings to alter the provision of the Judgment in light of changed recommendations and/or standard for HIV care regarding the diagnosis and treatment of erectile dysfuction resultant from HIV-infection.

Pursuant to paragraph #137 of the consent judgment, the plaintiff has provided the defendant thirty days notice prior to initiating these proceedings.

Defendants' counsel has filed a response to Plaintiff's Notice of Intent To Initiate Further Proceedings dated May 16, 2006. The defendant argues that there are no provisions in the consent judgment that permit "individual class member" to file their own pleading relating to individual treatment discisions; that the treatment of erectile dysfunction is not a new condition that has surfaced since the signing of the consent judgment

in 1990, and dows not fall within the designation of a "new standard of care for the treatment of HIV-infection"; and under Rule 11(a) of the Federal Rules of Civil Procedure, every pleading must be signed by at least one attorney of record. The defendant argues that the notice of intent to initiate further proceedings does not comply with the Federal Rues or the consent judgment.

The plaintiff however asserts, that the consent judgment is clear that "...In the event a dispute should arise concerning compliance with this judgment and appropriate remedial action which cannot be resolved between the Agreement Monitoring Panel ("AMP") or the _parties_ in a timely fashion, a _party_ may request a status hearing with a settlement judge or Magistrate..." See section XXIII. paragraph #135.

Based on defendant's counsel's erroneous belief that plaintiff's current pleading requested treatment with testosterone gel therapy, class counsel, based solely on defendant's response to the Notice of Intent (see attached), and prior to any conversation with the plaintiff, requested Dr. Robert Cohen, the plaintiff's representative on the "AMP" to review plaintiff's medical file to determine if anything has changed to alter his medical opinion regarding plaintiff's previous request for treatment with testosterone gel (see correspondence dated May 19m, 2006 and May 22, 2006).

The issue of treatment with testosterone therapy is not the basis of plaintiff's claim. The basis of plaintiff's claim regards defendant's failure to adopt changed recommendations and/or standards for HIV care regarding the diagnosis and treatment of erectile dysfunctin resultant from HIV-infection, and their failure to comply with the provision of the consent judgment by their failure to follow the infectious disease

specialist's orders for a urology consultation written in the plaintiff's HIV-Treatment Plan.

Plaintiff's dispute with the "AMP" is Dr. Cohen's focus on the issue of testosterone as opposed to the orders for a urology consultation outlined in plaintiff's HIV-Treatment Plan, which must be provided, as mandated by the consent judgment. The Infectious Disease Specialist's order for a urology consultation was to determine the cause , e.i. HIV-Peripheral Neuropathy versus HIV-Vacuolar Myelopathy and treatment as would be prescribed, not as Dr. Cohen believes whether or not plaintiff's testosterone levels are not too low (see correspondence dated June 29, 2006).

Paragraph #137 af the consent judgment states,"...The _parties_ recognize that this consent judgment does not address future changes in recommendations and standards regarding medical/mental health care for HIV-infected persons. The _plaintiffs_ reserve the right as part of this litigation to initiate judicial proceedings to alter the provisions of this Judgment in light of such changed recommendations and/or standards for HIV care. Should the _plaintiffs_ at any time initiate further proceedings to have the defendant comply with what they perceive to be changed accepted professional standards, the burden shall be on the _plaintiff_ to show that the defendant's failure to adopt such changes constitutes a violation of the _plaintiffs_ constitutional rights..."

The plaintiff, who is a named plaintiff representing the class in this litigation, by the very context of the use of the terms 'parties' and 'plaintiffs' is a party to and the plaintiff ;in this case. The language of the consent judgment by reference makes the distinction between plaintiffs and members of their class. Refer to section XXIV. paragraph #141. The

3

consent judgment also makes the distinction between the plaintiff's and plaintiff's counsel. Refer to section XXV. paragraph #142.

While there are no provisions in the consent judgment that permit "individual class member" to file their own pleadings relating to individual treatment decisions, "...a party may request a status hearing in the event a dispute should arise concerning compliance with this Judgment and appropriate remedial action cannot be resolved between the "AMP" or the parties in a timely fashion..." and "...the plaintff reserve the right as part of this litigation to initiate judicial proceedings to alter the provisions of this Judgment in light of such changed recommendations and/or standards of HIV care..."

Contrary to defendant's belief, there is not provision in the consent judgment that mandate that class counsel must represnt the plaintiff's right to initiate judicial proceedings or represnt the interest of the plaintiff's request for a status hearing regarding non-compliance with the Judgment.

The plaintiff asserts that the defendatns' failure to adopt the changed professional standards regarding the diagnosis and treatment of erectile dysfunction resultant from HIV-infection constitutes a violation of plaintiff's constitutional rights.

Although erectile dysfuction was known, at the time this judgment was entered HIV erectile dysfunction was not widely known, nor was it considered upon the agreement of the consent judgment. Significant scientific advancements in the treatment of HIV in the past decade have reduced mortality. With the availability of imporved antiretroviral drugs individuals are living longer with HIV infection as a chronic managable dissease. Medically accepted professional standards in the treatment of HIV-infection has broadened to include optimizing patient

4

quality of life, as well as maintaining virologic control. This medically accepted professional standard includes the diagnosis and treatment of erectile dysfunction resultant froom complications of HIV-infection.

The plaintiff ;has been diagnosed with HIV-Peripheral Neuropathy and HIV-Vacuolar Myelopathy. These neurological complication of HIV-infection has caused the plaintiff erectile dysfunction. An Infectious Disease Specilist at the Osborn Correctional Institution has ordered a urology consultation to determine the casue of plainiff's erectile dysfunction, i.e. HIV-Peripheral Neuropathy versus HIV-Vacuolar Myelopathy.

The Department of Correction has contracted the UCONN Health Center to provide medical care to the State's prison population. The UCONN Coprrectopmal Managed Health Care's Utilization review Committee ("URC") has denied this necessary consultation. It is the plaintiff's belief that defendants' failure to comply with the provisions of the consent judgment, the HIV Treatment Plan, and their failure to adopt ;such changed medically accepted professional standards violates the plaintiff's constitutional rights.

Section IV. C at paragraph #25 (e) states in pertinent part: "...The treatment plan shall include at least the following: Referrals to appropriate specialist, including but not limited to neurology, ophtholmology, psychiatry, diagnostic radiology..." In this case, a referral to uroloty was made, but the defendant has failed to adhere to the provisions of the consent judgment.

Section IV C. at paragraph #25 (q) states in pertinent part: "...The treatment plabn shall include at least the following: "...a list of all consultations requested for the inmate, including the date the request was made, the type of consultation requested, the

5

date of any followup calls, the date on which the consultation occurred, and any summary of the outcome of the consultation..."

Section V at paragraph #30 states in pertinent part: "...all necessary treatment identified in an inmates HIV Treatment Plan is provided at the time(s) identified in the plan..."

section VII at paragraph #39 states in pertinent part: "...the DOC shall offer to an HIV-infected inmate such drug therapies (including drugs approved by the FDA for "compassionate use" and FDA-approved Treatment Investigational New Driugs) as are determined to be medically necessary for him/he;r ;by ;the treating physician, in consultation with the Infectious Disease Specialist in accordance with accepted professional standards..." Yet the defendant has failed to follow the orders and recommendation of the Infectious Disease Specialist to treat plainfiff's HIV-related erectile dysfucntion.

WHEREFORE, the plaitniff hereby request a status hearing with a Magistrate Judge pursuant to the provisions of the consent judgment.

Respectfully submitted,

Eugene P. Mercer #125079
100 Bilton Road
Somers, Connec;ticut 06071

CERTIFICATION

I hereby certify that a copy of the foregoing was sent via U.S. Mail on this 11th day of August, 2006 to:

Richard T. Couture
Assistant Attorney General
110 Sherman Street
Hartford, Ct 06105

Brett Dignam, Esq.
The Jerome Frank Legal Serv.
P.O. Box 209090
New Haven, Ct. 06520-9090

EUGENE P. MERCER

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID DOE, ET AL. | : | CIVIL NO. H88-562 (JGM) |
| v. | : | |
| LARRY MEACHUM, ET AL. | : | MAY 16, 2006 |

**DEFENDANTS' RESPONSE TO NOTICE OF CLASS MEMBER
OF INTENT TO INITIATE FURTHER PROCEEDINGS**

A class member in the above-captioned case has filed a notice with the Court stating his intent to initiate further proceedings seeking to have the defendants comply with what he perceives to be changed accepted professional standards concerning the diagnosis and treatment of erectile dysfunction resultant from HIV infection (Document 344). The notice is purportedly filed pursuant to paragraph 137 of the Consent Judgment on Health Care for HIV-Infected Inmates and Confidentiality of HIV-Related Information previously approved and adopted in this case.

The consent judgment contains extensive provisions relating to the establishment of an Agreement Monitoring Panel (AMP) for the purpose of monitoring compliance with the consent judgment. Class counsel have been appointed to represent the interests of class members. The consent judgment further contemplates that the AMP will investigate, and the class counsel will pursue, alleged disputes as to compliance that cannot be resolved between the AMP or the parties. There are no provisions in the consent judgment that permit individual class members to file their own pleadings relating to individual treatment decisions. Allowing individual class members to file motions in pursuit of their own individual treatment issues and interests would

render class action litigation unmanageable and effectively circumvent the provisions of the consent judgment relating to class counsel and the AMP.

Erectile dysfunction can be related to a person's HIV condition as well as a number of other causes. It is not a new condition that has surfaced since the signing of the consent judgment in 1990. The defendants did not provide therapy for erectile dysfunction in 1990 and they do not provide such therapy today. The treatment of erectile dysfunction does not by any stretch of the imagination fall within the designation of a "new standard of care for the treatment of HIV infection."

Under Rule 11(a) of the Federal Rules of Civil Procedure, every pleading must be signed by at least one attorney of record. The notice filed by the individual class member does not comply with the Federal Rules or the consent judgment and should be stricken.

The class member in question has previously notified class counsel of his desire to be treated with testosterone gel therapy and the matter was reviewed by the plaintiff's representative to the AMP who agreed that such therapy for the class member is not medically indicated. See correspondence of May 12, 2004 and March 11, 2005 attached hereto as Attachment A. He is now attempting to independently pursue further judicial proceedings regarding his dispute over individual treatment decisions. It is respectfully submitted that neither the Federal Rules nor the consent judgment permit an individual class member to independently initiate proceedings regarding consent decree compliance.

A copy of this Response has not been mailed to the individual class member in view of privacy concerns and the belief that any communication with individual class members should

2

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

**CONFIDENTIAL LEGAL MAIL**

May 19, 2006

Eugene Mercer
Osborn Correctional Institution
100 Bilton Rd.
POB 100
Somers, CT 06071

Dear Mr. Mercer:

    This is Giovanna Shay writing from the Yale clinic. I am an attorney who works with Brett Dignam. When I was a student at Yale about a decade ago, I also worked on your habeas case. I was glad to hear your name again. I hope that you are doing as well as you can under the circumstances.

    I am writing to send you a copy of the pleading that the government filed in response to your Notice of Intention to Initiate Further Procedures in *Doe*. We understand that you are seeking treatment for HIV-related erectile dysfunction, specifically using testosterone gel therapy. As Brett explained last year, Dr. Robert Cohen, the plaintiff's representative on the monitoring panel, reviewed your records a little over a year ago and concluded that, in his opinion, treatment with testosterone gel therapy was not at that time medically necessary. Brett explained at that time that, without the support of the monitoring panel, plaintiff's counsel will not be successful in seeking further action from the court.

    However, in light of the fact that Dr. Cohen reviewed your records over a year ago, we are willing to ask him to take another look at your file, to see if anything has changed in your situation that would alter his medical opinion. I have contacted him today asking that he take another look.

    I am sorry that we cannot do more at this time, and that I cannot send you better news. I know that this situation must be disappointing. However, please understand that, without professional medical opinions to substantiate a claim, plaintiff's counsel's options are severely limited as a practical matter.

If you have questions, please feel free to write or call collect. As I am sure you know, the clinic's number is 203-432-4800. Again, it is nice to hear your name after so many years.

Best regards,

Giovanna Shay
Clinical Teaching Fellow

Brett Dignam
Supervising Attorney

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

**CONFIDENTIAL LEGAL MAIL**

May 22, 2006

Eugene Mercer
Osborn Correctional Institution
100 Bilton Rd.
POB 100
Somers, CT 06071

Dear Mr. Mercer:

    I write with good news. As I told you in my letter Friday, we contacted the plaintiffs' representative on the *Doe* monitoring panel, Dr. Cohen, and asked him if it would be helpful to review your medical records again regarding the issue of testosterone supplementation, since a year has passed since his last review. He indicated that it was reasonable to revaluate at this time.

    Dr. Cohen will request your medical records, seeking the following information:

- Current weight, as well as your weight over the last few years
- CD4 and HIV PCR results over the past two years
- Results of any bone density testing
- Serum testosterone levels (free and total)
- Any mention of mood, depression, or fatigue

If the DOC has not conducted bone density testing, or other necessary testing, he may be asking that it be done as a part of his evaluation.

    I would like to schedule a legal call with you during the next couple of weeks to discuss this matter. Specifically, I wanted to talk with you about the issue of your mood—whether you have suffered from any depression or fatigue, and if this has been documented.

    If you receive this letter before I succeed in arranging a legal call, please feel free to request a legal call through your counselor. My direct line is 203-432-0138, and you can reach the clinic receptionist at 203-432-4800.

P.O. BOX 209090, NEW HAVEN, CONNECTICUT 06520-9090 · TELEPHONE 203 432-4800 · FACSIMILE 203 432-1426
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CONNECTICUT 06511

      This is good news, but we must remain only cautiously optimistic. Whether anything changes depends on Dr. Cohen's professional medical opinion, which will be based on your records and the results of the testing.

      I look forward to speaking further soon.

Best regards,

Giovanna Shay
Clinical Teaching Fellow

Brett Dignam
Supervising Attorney

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

**Confidential Legal Mail**

June 7, 2006

Eugene Mercer
# 125079
Osborn CI
100 Bilton Rd.
POB 100
Somers, CT 06071

      Re:    Request for Legal Call with Eugene Mercer # 125079

Dear Mr. Mercer:

    Thank you for your call earlier this week. I am attempting to arrange a legal call with you through Counselor Matta, but I have not had much success so far. I wanted to send you a brief note to let you know that Dr. Cohen has reviewed your medical records. At this point, his professional opinion remains that testosterone gel therapy is not medically necessary. As we've said in the past, unfortunately, plaintiff's counsel will not be able to advocate successfully for treatments that the plaintiffs' representative on the monitoring panel does not believe are medically necessary.

    I will continue to attempt to arrange a legal call with you so that we can discuss this matter. I hope that this letter finds you as well as you can be under the circumstances.

Sincerely,

Giovanna Shay
Attorney

P.O. BOX 209090, NEW HAVEN, CONNECTICUT 06520-9090 · TELEPHONE 203 432-4800 · FACSIMILE 203 432-1426
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CONNECTICUT 06511

# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

**CONFIDENTIAL LEGAL MAIL**

June 29, 2006

Eugene Mercer
Osborn Correctional Institution
100 Bilton Rd.
POB 100
Somers, CT 06071

Dear Mr. Mercer:

As we discussed on the phone last week, I spoke with Brett and with Dr. Cohen about the possibility of trying to advocate for approval for you to be seen for a urology consult. I spoke yesterday with Dr. Cohen. He tells me that, based on his review of your medical records, your testosterone levels are not too low. Thus, he doesn't see any medically necessary reason for you to see a urologist at this time.

As I explained on the phone, plaintiffs' counsel will not succeed in seeking relief from the court without the support of the plaintiffs' expert on the monitoring panel. Thus, we cannot do anything more at this time.

Of course, it might be appropriate for Dr. Cohen to review your situation again as time passes. Please feel free to update us if your situation changes. And of course, continuing to document any symptoms or medical problems that you have is important to ensuring that you receive appropriate treatment.

I know that you may feel differently about the situation, but I hope that you understand our position. I am sorry if this news is disappointing.

Best regards,

Giovanna Shay
Clinical Teaching Fellow

cc: Brett Dignam, Esq.

P.O. BOX 209090, NEW HAVEN, CONNECTICUT 06520-9090 · TELEPHONE 203 432-4800 · FACSIMILE 203 432-1426
COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CONNECTICUT 06511